THE CITY OF MOUNT VERNON, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Second Department, March 15, 1918.

Railroads — construction over highway — encroachment of abutments upon highway — restoration of highway — presumptive evidence — decision by commissioners.

Where a railroad company under section 5 of chapter 195 of the Laws of 1846, constructed its road over a highway supporting it by stone abutments and was required under said statute to restore the highway " as near as may be to its former state so as not unnecessarily to impair its usefulness * * * as may be satisfactory to the commissioners of highways of the town," a user of over sixty years, without objection by the authorities, is presumptive evidence that the condition to which the highway was restored did not unnecessarily impair its usefulness and was satisfactory to the commissioners of highways of the town. ·

The fact that commissioners appointed pursuant to chapter 906 of the Laws of 1869, as amended by chapter 649 of the Laws of 1870, with authority to regulate and improve the highway in question, left the abutments standing as they were and did not attempt to remove them, was practically a decision that said abutments were not encroachments.

APPEAL by the defendant, The New York, New Haven and Hartford Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 10th day of December, 1915, upon the decision of the court after a trial before the court without a jury.

The judgment decreed that certain stone abutments erected by the defendant within the lines of the public highway now known as Columbus avenue in the city of Mount Vernon, where the line of the defendant's railroad crosses the aforesaid avenue, are a continuing ·trespass and a nuisance, and directed that said abutments be removed by the defendant so as to leave a clear space between the faces thereof of at least three rods in width.

*Charles M. Sheafe, Jr.,* for the appellant.

*Frank A. Bennett, Corporation Counsel,* for the respondent.

BLACKMAR, J.:

We see no reason to interfere with the finding of the learned justice that the road now called Columbus avenue was, when the defendant's abutments were built in 1847, a highway fifty feet wide, and that the abutments were built within the limits of the highway.  Although there is no record that such road was ever established as a highway or widened to a width of more than twenty-three feet, yet the evidence shows it was known as a public highway as far back as 1686, and its limits in width were, prior to 1847, marked along its length by stone walls or fences, three rods apart.  The evidence furnishes sufficient support of the findings of fact.

But these facts are not decisive of the case.  The question is not whether the abutments are in the highway, but whether they are wrongfully there.

By chapter 195 of the Laws of 1846 the defendant was authorized to extend its railroad from the Connecticut line to the New York and Harlem Railroad.  The statute provides:

" § 5. Whenever it shall be necessary for the construction of their said road, to intersect or cross any stream of water, or water courses, or any road or highway, it shall be lawful for the said company to construct their road across or upon the same; but the company shall restore the stream or water course, or road or highway, thus intersected, as near as may be to its former state, so as not unnecessarily to impair its usefulness, and in respect to any road or highway, as may be satisfactory to the commissioners of highways of the town in which such road or highway may be intersected or crossed."

This statute gives to the defendant certain rights in the highways which its route crossed.  It might construct its road across the highway, but was required to restore it " as near as may be to its former state, so as not unnecessarily to impair its usefulness, * * * as may be satisfactory to the commissioners of highways of the town."  The defendant constructed its road across the highway in question, overhead, about seventy years ago, and, to sustain it, built these abutments, leaving a roadway twenty-three feet wide between them.  At that time the locality was a rural countryside.  Until this action was started in 1909, or for a period of over sixty years, these structures have stood there, so far as

the record shows, unquestioned.  While the highway was a country road its usefulness was apparently not impaired by the abutments.  The question whether they were lawfully built must be tested by conditions which then existed.  The act seemingly gives to the commissioners of highways the power to determine whether the highway was so restored as not unnecessarily to impair its usefulness.  A decision that it was so restored was not, in view of the character of the locality and of the highway and its uses at that time, beyond the power of the highway commissioners; and the long user of over sixty years without objection by the authorities is presumptive evidence that the condition to which the highway was restored did not unnecessarily impair its usefulness and was satis- factory to the commissioners of highways of the town.  (*Jorgensen* v. *Squires,* 144 N. Y. 280; *Babbage* v. *Powers,* 130 id. 281; *People* v. *New York, N. H. & H. R. R. Co.,* 89 id. 266.)  If it was so restored, the abutments were lawfully there, and the radical change of the character of the neighborhood from rural to urban does not affect the right of the defendant.

But we find in the record a determination by commissioners appointed pursuant to law and given power to ascertain and determine the fact, that the abutments were not an encroachment.  Chapter 906 of the Laws of 1869, as amended by chapter 649 of the Laws of 1870, provided among other things for the regulation and improvement of the highway in question.  It provided for the appointment of commissioners and made it their duty to determine whether there were encroachments in the highway, and, if there were, to remove them.  The commissioners were appointed; they proceeded with the work of improvement as directed by law, but left the abutments standing as they were and improved the highway without attempting to remove them.  This was practically a decision by the commissioners, having power from the State so to decide, that the abutments were not encroachments, and it enforces the presumption that the abutments were originally placed where they are with the consent of the commissioners of highways of the town, almost, if not quite, to the point of conclusiveness.

The judgment should be reversed; the conclusions of law found by the trial court reversed; defendant's requests num-

bered III, IX, X and XI found.   This court also finds as a fact that when the abutments were erected in 1847 and extended in 1892, the highway was restored as near as may be to its former state so as not unnecessarily to impair its usefulness and was satisfactory to the commissioners of highways of the town and their successors in office; and, as a conclusion of law, that the abutments of defendant's road in Columbus avenue are there by authority of law and are not an unlawful encroachment in the highway.

We do not pass on the rights of the city under section 62 of the former Railroad Law (Gen. Laws, chap. 39 [Laws of 1890, chap. 565], added by Laws of 1897, chap. 754, as amd. by Laws of 1909, chap. 153), which is now section 91 of the Railroad Law (Consol. Laws, chap. 49 [Laws of 1910, chap. 481], as amd. by Laws of 1914, chap. 378), to have the space between the abutments widened.

The judgment should be reversed and judgment directed for the defendant dismissing the complaint on the merits, with costs.

Jenks, P. J., Rich, Putnam and Kelly, JJ., concurred.

Judgment reversed and judgment directed for the defendant dismissing the complaint on the merits, with costs.